UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HANNA INSTRUMENTS, INC.,

   Plaintiff/Counterclaim-Defendant,

   v.

BUSINESS SOFTWARE ALLIANCE and MICROSOFT CORPORATION,

   Defendants/Counterclaim-Plaintiffs.

Civil Action No. 1:17-cv-522-WES-PAS

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

     Defendants BSA Business Software Alliance, Inc. d/b/a BSA | The Software Alliance ("BSA")[1] and Microsoft Corporation ("Microsoft") hereby set forth the following Answer, Affirmative Defenses, and Counterclaims to the Complaint of Hanna Instruments, Inc. ("Hanna"). BSA and Microsoft deny that Hanna is entitled to relief and submit that instead Hanna is liable for copyright infringement.

**ANSWER**

  1. BSA and Microsoft lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

  2. BSA and Microsoft admit that BSA is an association with a principal place of business in Washington, D.C. and that BSA is engaged in copyright enforcement efforts on behalf of companies in the software industry, including Microsoft. BSA further admits that it has limited

---

[1] The Complaint does not correctly name the defendant association.

power of attorney to enforce Microsoft's copyrights, but otherwise denies the allegations of Paragraph 2 of the Complaint.

3. BSA and Microsoft admit the allegations of Paragraph 3 of the Complaint.

4. BSA and Microsoft admit that this case arises under the copyright laws of the United States and that this Court has subject matter jurisdiction, but deny that Hanna is entitled to relief and otherwise deny the allegations of Paragraph 4 of the Complaint.

5. BSA and Microsoft admit that they are subject to personal jurisdiction in this Court, but otherwise deny the allegations of Paragraph 5 of the Complaint.

6. BSA and Microsoft admit the allegations of Paragraph 6 of the Complaint.

7. BSA and Microsoft incorporate their answers set forth in the preceding paragraphs, including all denials therein.

8. BSA and Microsoft admit the allegations of Paragraph 8 of the Complaint, but refer the Court to the letter for the full contents thereof.

9. BSA and Microsoft admit the allegations of Paragraph 9 of the Complaint, but refer the Court to the letter for the full contents thereof.

10. BSA and Microsoft admit the allegations of Paragraph 10 of the Complaint, but refer the Court to the letter for the full contents thereof.

11. BSA and Microsoft admit the allegations of Paragraph 11 of the Complaint, but refer the Court to the letter for the full contents thereof.

12. BSA and Microsoft lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. BSA and Microsoft admit receipt of the September 18, 2017 letter from Hanna's counsel, including the document in Exhibit E to the Complaint, but otherwise deny the allegations of

Paragraph 13 of the Complaint and refer the Court to the letter and Exhibit E for the full contents thereof.

14. BSA and Microsoft admit receipt of the September 18, 2017 letter from Hanna's counsel, including the documents in Exhibit F to the Complaint, but otherwise deny the allegations of Paragraph 14 of the Complaint and refer the Court to the letter and Exhibit F for the full contents thereof.

15. BSA and Microsoft admit receipt of the September 18, 2017 letter from Hanna's counsel, including the documents in Exhibit G to the Complaint, but otherwise deny the allegations of Paragraph 15 of the Complaint and refer the Court to the letter and Exhibit G for the full contents thereof.

16. BSA and Microsoft admit receipt of Exhibit G to the Complaint, but otherwise deny the allegations of Paragraph 16 of the Complaint and refer the Court to Exhibit G for the full contents thereof.

17. BSA and Microsoft admit receipt of Exhibit F to the Complaint, but otherwise deny the allegations of Paragraph 17 of the Complaint and refer the Court to Exhibit F for the full contents thereof.

18. BSA and Microsoft admit receipt of Exhibit F to the Complaint, but otherwise deny the allegations of Paragraph 18 of the Complaint and refer the Court to Exhibit F for the full contents thereof.

19. BSA and Microsoft admit receipt of Exhibit F to the Complaint, but otherwise deny the allegations of Paragraph 19 of the Complaint and refer the Court to Exhibit F for the full contents thereof.

20. BSA and Microsoft admit receipt of the September 18, 2017 letter from Hanna's counsel,

but otherwise deny the allegations of Paragraph 20 of the Complaint and refer the Court to the letter for the full contents thereof.

21. BSA and Microsoft lack knowledge or information sufficient to form a belief as to the truth of the allegation that Hanna has spent approximately $25,000 in employee time, internal resources, and legal fees and otherwise deny the allegations in Paragraph 21 of the Complaint.

22. BSA and Microsoft admit sending the September 26, 2017 letter to Hanna's counsel, but otherwise deny the allegations in Paragraph 22 of the Complaint and refer the Court to the letter for the full contents thereof.

23. BSA and Microsoft admit sending the September 26, 2017 letter to Hanna's counsel, but otherwise deny the allegations in Paragraph 23 of the Complaint and refer the Court to the letter for the full contents thereof.

24. BSA and Microsoft deny the allegations of Paragraph 24 of the Complaint.

25. BSA and Microsoft admit proposing a payment of $72,074.90, among other settlement terms, but otherwise deny the allegations of Paragraph 25 of the Complaint.

26. BSA and Microsoft deny the allegations of Paragraph 26 of the Complaint.

27. BSA and Microsoft admit sending the September 26, 2017 email to Hanna's counsel, but otherwise deny the allegations of Paragraph 27 of the Complaint and refer the Court to the email for the full contents thereof.

28. BSA and Microsoft admit receipt of the October 11, 2017 letter from Hanna's counsel, but otherwise deny the allegations of Paragraph 28 of the Complaint and refer the Court to the letter for the full contents thereof.

29. BSA and Microsoft admit sending the October 18, 2017 email to Hanna's counsel, but otherwise deny the allegations of Paragraph 29 of the Complaint and refer the Court to the email

for the full contents thereof.

30. BSA and Microsoft admit sending the October 18, 2017 email to Hanna's counsel, but otherwise deny the allegations of Paragraph 30 of the Complaint and refer the Court to the email for the full contents thereof.

31. BSA and Microsoft admit sending the October 18, 2017 email to Hanna's counsel, but otherwise deny the allegations of Paragraph 31 of the Complaint and refer the Court to the email for the full contents thereof.

32. BSA and Microsoft admit sending the October 18, 2017 email to Hanna's counsel, but otherwise deny the allegations of Paragraph 32 of the Complaint and refer the Court to the email for the full contents thereof.

33. BSA and Microsoft deny the allegations of Paragraph 33 of the Complaint.

34. BSA and Microsoft deny the allegations of Paragraph 34 of the Complaint.

35. BSA and Microsoft admit the allegations of Paragraph 35 of the Complaint.

36. BSA and Microsoft incorporate their answers set forth in the preceding paragraphs, including all denials therein.

37. BSA and Microsoft admit that this case arises under the copyright laws of the United States and that this Court has subject matter jurisdiction, but deny that Hanna is entitled to relief and otherwise deny the allegations of Paragraph 37 of the Complaint.

38. BSA and Microsoft admit that Hanna has violated the copyright laws of the United States, but otherwise deny the allegations of Paragraph 38 of the Complaint.

39. BSA and Microsoft admit that an actual controversy exists between them and Hanna, but otherwise deny the allegations of Paragraph 39 of the Complaint.

40. BSA and Microsoft deny the allegations of Paragraph 40 of the Complaint.

41. BSA and Microsoft lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint states a legal conclusion as to which no response is required.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden that they would not otherwise bear, BSA and Microsoft plead the following defenses:

### **First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

Hanna's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or consent.

### **Third Affirmative Defense**

Hanna's claims are barred, in whole or in part, by the doctrine of unclean hands.

\*             \*             \*

BSA and Microsoft reserve their right to assert other defenses that may become available or known during discovery or otherwise, and BSA and Microsoft hereby reserve their right to amend this Answer to assert any such other defenses.

## **COUNTERCLAIMS**

Without admitting any allegation of the Complaint other than those expressly admitted in their answer thereto, and without prejudice to any of the affirmative defenses stated above, BSA and Microsoft hereby allege, upon knowledge as to their own acts and on information and belief as to all other matters, the following counterclaims against Hanna:

1. This counterclaim is for infringement in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. BSA and Microsoft seek injunctive relief, declaratory relief, statutory damages, costs, fees, and all other appropriate relief.

2. This counterclaim arises out of Hanna's unauthorized installation, reproduction, and distribution and other unlawful use of copies of Microsoft's software packages, including Microsoft Office Access, Microsoft Office Basic, Microsoft Office Home & Business, Microsoft Office Professional, and Microsoft Office Small Business, all of which contain one or more of the following applications: Microsoft Access; Microsoft Excel; Microsoft OneNote; Microsoft Outlook; Microsoft PowerPoint; Microsoft Publisher; and Microsoft Word (collectively, "Microsoft Software").

## Jurisdiction And Venue

3. This counterclaim is brought pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.

4. This Court has subject matter jurisdiction over BSA's and Microsoft's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Hanna because it resides and transacts business in this State and has filed suit against BSA and Microsoft in this forum.

6. Venue is proper under 28 U.S.C. §§ 1391 and 1400(a) because, on information and belief, Hanna and its agents reside or may be found in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## Parties

7. BSA is an association with its headquarters at 20 F Street NW, Suite 800, Washington, D.C. 20001.

8. Microsoft is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington 98502.

9. On information and belief, Hanna is a Rhode Island corporation with its principal place of business at 584 Park East Drive, Woonsocket, Rhode Island 02895.

**Facts Entitling BSA and Microsoft To Relief**

**BSA and Microsoft**

10. Microsoft develops, manufactures, and supports computer and internet-related software products and services and has invested innumerable amounts of labor and money in developing software, including Microsoft Software, since its founding in 1975.

11. Microsoft owns copyrights registered with the United States Copyright Office for Microsoft Software, including the following packages: Microsoft Office Access 2007; Microsoft Office Access 2010; Microsoft Office Basic 2007; Microsoft Office Home & Business 2010; Microsoft Office Home & Business (MAC) 2011; Microsoft Office Professional 2007; Microsoft Office Professional 2010; and Microsoft Office Small Business 2007. True and correct copies of the registration certificates for Microsoft Software are attached as Exhibit 1.

12. BSA is an association of the world's leading software and hardware technology companies, including Microsoft. On behalf of its members, BSA promotes policies that support the proper functioning of the U.S. copyright system, including policies that foster innovation, growth, and a competitive marketplace for commercial software and related technologies.

13. Consistent with its mission, BSA helps its members protect their copyrights by investigating alleged unlicensed software use and, in appropriate factual and legal circumstances, taking legal action against commercial end-user license infringement. At all times relevant

hereto, in the United States BSA encourages companies it suspects of using unlicensed software to resolve such claims and come into compliance voluntarily and thus avoid litigation.

## Microsoft Software

14. Microsoft Software contains material wholly original with Microsoft and is copyrightable subject matter under the laws of the United States.

15. Microsoft has complied in all respects with the Copyright Act and secured the exclusive rights and privileges in and to the copyrights in Microsoft Software, including timely registering such copyrights.

16. In addition to developing software for other uses and platforms, Microsoft has developed Microsoft Software for use on computers as part of its productivity offerings, which include applications that provide email services, word processing, and other productivity aids.

17. Microsoft licenses Microsoft Software through different distribution channels, including but not limited to retail, corporate and academic licensing, and Original Equipment Manufacturer ("OEM") channels.  Microsoft prices such Microsoft Software differently based on distribution channel.

18. Because Microsoft Software is priced differently based on channel of distribution, Microsoft is cognizant of the potential for software infringement and has implemented technologies and tools to combat theft and infringement of its intellectual property.

19. Microsoft's product activation system is one such technology.  Under this system, users activate software using product keys, which are 25-character alphanumeric strings generated by Microsoft.  In the retail distribution channel, Microsoft distributes each copy of Microsoft Software with a product key unique to that *copy* of the software.

20. When customers or OEMs, *i.e.*, computer and device manufacturers that pre-install software on the computers and devices they build, install certain Microsoft Software on a computer or other device, the customer or OEM must enter the product key.

21. Although product keys are a component of and licensed to be used only with the specific copies of Microsoft Software for which they were authorized to activate, they can be decoupled from such software and distributed separately along with unlicensed software, whether in the form of physical media or downloads. Product activation keys are not a software license, nor do they constitute authorization from Microsoft to access or use software without the appropriate license.

22. Because Microsoft Software is capable of being installed on an unlimited number of computers, infringers often use these decoupled product keys to install and activate copies of Microsoft Software they are not licensed to activate or use (*e.g.*, using product keys from an educational version of Microsoft Software to activate and use a commercial version).

23. These copies of software are not licensed and are copies for which Microsoft has not been compensated.

### Hanna's Infringement of Microsoft Software

24. On information and belief, Hanna manufactures and sells analytical instrumentation such as pH sensors. Hanna claims on its website to manufacture over 3,000 products in facilities worldwide.

25. Hanna has engaged and continues to engage in the unauthorized installation, reproduction, and distribution and other unlawful use of Microsoft Software on computers on its premises and has used unlicensed copies of Microsoft Software to conduct its business.

Specifically, Hanna has used and continues to use unauthorized product keys to activate and install unlicensed copies of Microsoft Software on its computers.

26. In May 2017, BSA received notice that Hanna was using unlicensed copies of Microsoft Software.

27. With the consent of Microsoft, BSA through its outside counsel sent a letter to Hanna on June 6, 2017. That letter (Exhibit A to Hanna's Complaint) requested that Hanna conduct an internal software audit to determine whether and the extent to which Hanna's uses were unlicensed and to contact BSA by June 14, 2017. The letter explained that BSA's request for Hanna's internal software audit was an effort by BSA and its participating members to seek Hanna's voluntary cooperation in resolving any identified issues without the need for litigation.

28. Hanna did not respond to BSA by June 14, 2017.

29. Having received no response from Hanna, BSA sent another letter on June 16, 2017. That letter (Exhibit B to Hanna's Complaint) provided guidelines for how to conduct a software audit and requested a response by June 30, 2017.

30. Hanna did not respond to BSA by June 30, 2017.

31. BSA also attempted to contact Hanna by email and telephone on July 6 and July 18, 2017, again without success.

32. Accordingly, on July 25, 2017, BSA sent Hanna a letter noting the lack of response and requesting a response within five days. That letter is Exhibit C to Hanna's Complaint.

33. Hanna did not respond until September 18, 2017 (Exhibit D to Hanna's Complaint). With this response, Hanna provided a spreadsheet listing the copies of Microsoft Office that Hanna claimed were on Hanna's computers (Exhibit E to Hanna's Complaint) as well

as alleged documentation of purchases of Microsoft Software, including photocopies of product keys (Exhibits F and G to Hanna's Complaint).

34. BSA responded by letter dated September 26, 2017 (Exhibit H to Hanna's Complaint). Among other things, the letter notes inadequacies of the documentation provided by Hanna with its September 18 letter.

35. That same day, September 26, BSA sent an email to Hanna that, among other things, provides further explanation of those inadequacies. The email is Exhibit I to Hanna's Complaint.

36. On October 11, 2017, Hanna sent BSA a letter that, among other things, "denies all liability in this matter." The letter is Exhibit J to Hanna's Complaint.

37. Hanna in its correspondence and otherwise failed to demonstrate that its possession of Microsoft Software is fully and properly licensed.

38. As a result, Microsoft researched the product keys provided by Hanna in Exhibits F and G to Hanna's Complaint and concluded that two of the keys were part of a batch of product keys distributed as part of an educational program in China — not for commercial use in the United States. Such product keys, therefore, were never printed by Microsoft, or authorized by Microsoft to be printed, onto labels distributed in retail packages as depicted in the photocopies of the product keys in Exhibits F and G to Hanna's Complaint.

39. In addition, according to documentation Hanna produced during the audit, Hanna appears to have used at least one product key generated specifically for use only with Dell computers to install Microsoft Software on a non-Dell computer, specifically an Acer Aspire (Page 176 of Exhibit F to the Complaint).

40. The materials provided by Hanna also indicate that it purchased at least one copy of Microsoft Software from BuyCheapSoftware.com, a now-defunct website that was sued by Microsoft for selling stolen, abused, and otherwise unauthorized decoupled product keys (Page 148 of Exhibit F to Hanna's Complaint).

41. Hanna has refused to acknowledge its infringement and has failed to indicate a willingness to acquire properly licensed software from Microsoft even after being contacted by BSA regarding Hanna's infringement of Microsoft copyrights.

## Count I

### (Copyright Infringement)

42. BSA and Microsoft incorporate all the preceding paragraphs.

43. Microsoft owns copyrights in Microsoft Software.

44. Hanna has installed, reproduced, distributed, and otherwise used unlicensed or improperly licensed Microsoft Software.

45. On information and belief, Hanna's infringements have been and continue to be knowing.

46. BSA and Microsoft are entitled to relief for Hanna's acts of copyright infringement, including, but not limited to, injunctive and declaratory relief, statutory damages, costs and attorneys' fees, and prejudgment interest.

## Count II

### (Injunctive Relief)

47. BSA and Microsoft incorporate all the preceding paragraphs.

48. As a result of Hanna's unauthorized installation, reproduction, and distribution and other unlawful use of Microsoft Software and the acts of copyright infringement described

above, BSA and Microsoft have suffered, and continue to suffer, irreparable harm for which there is no adequate remedy at law.

49. To prevent further irreparable harm, BSA and Microsoft are entitled to an injunction pursuant to 17 U.S.C. § 502 and other applicable law enjoining Hanna from installing, reproducing, distributing, and otherwise using infringing copies of Microsoft Software.

## Prayer For Relief

WHEREFORE, BSA and Microsoft respectfully seek the following relief:

1. That judgment be entered finding Hanna liable for copyright infringement and awarding BSA and Microsoft statutory damages pursuant to 17 U.S.C. § 504(c);

2. That an order be entered permanently enjoining Hanna from infringing copyrighted material owned by Microsoft;

3. That BSA and Microsoft be awarded prejudgment interest on any monetary award to BSA and Microsoft;

4. That BSA and Microsoft be awarded their reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

5. That BSA and Microsoft be granted such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        <u>Joseph V. Cavanagh, III</u>
        Joseph V. Cavanagh, III  #6907
        **BLISH & CAVANAGH, LLP**
        Commerce Center
        30 Exchange Terrace
        Providence, RI 02903
        Tel.: (401) 831-8900
        Fax: (401) 751-7542
        jvc3@blishcavlaw.com

        Neil K. Roman (*pro hac vice* application to be submitted)
        Michelle Choe (*pro hac vice* application to be submitted)
        **COVINGTON & BURLING LLP**
        The New York Times Building
        620 Eighth Avenue
        New York, NY 10018
        Tel.: (212) 841-1000
        Fax: (212) 841-1010
        nroman@cov.com
        mchoe@cov.com

        *Attorneys for Defendants*

Dated:  April 13, 2018

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of April, 2018, a true copy of the within document was filed electronically and it is available for viewing and downloading from the Court's Electronic Case Filing System by counsel of record for all parties.

                                                  <u>Joseph V. Cavanagh, III</u>